Johnson, J.
The plaintiff’s demand against the defendants, independent of the acknowledgements of the defendant Archer, was full and satisfactory, and according to the explanations admitted at the bar, they were only used to take *279 the case out of the statute of limitations, which had been pleaded in bar; so that the question whether one partner can bind another by a contract after the dissolution of the partnership, which comprises all the grounds taken, does not arise out of the case. But the negative of this proposition is too clear to admit of doubt. One partner cannot bind another by a new contract made after the dissolution of the partnership. As well might one stranger bind another to pay his debt. (2 Johnson 300.4 Do. 224. 3 Do. 530. 1 M'Cord 388.)
Clarke contra.
There is as little difficulty in determining that a promise made by one of several partners will prevent the operation of the statute. It was so decided in the case of Smith ad'mr. vs. Ludlow, 6 Johnson Rep. 277, and is in accordance with the opinion of the constitutional court in the case of Bietz adm'r. vs. Fuller, 1 M‘Cord 541, where it was held that a promise made by one of several makers of a promissory note, would take the case out of the statute. And the case of Briggs vs. Ex'ors. of Starke, 1 Const. Rep. 111. is decided on the same principle.
The circumstance that-Archer was insolvent at the time he made the acknowledgements, which is made the foundation of the second ground, can have no effect: He was not for that cause the less capable of admitting the truth, nor the less worthy of credit; unless indeed Hassan had proved that it W'as fraudulently done with a view to charge him; of which their is no pretence. That evidence was therefore properly ¿ejected as irrelevant.
Motion refused.
Peareson for the motion.